UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY BAZURTO, | ) | 1:11-cv—01647-AWI-SKO-HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | GRANT RESPONDENT'S MOTION TO |
| | ) | DISMISS THE PETITION  (DOC. 9) |
| v. | ) | |
| | ) | FINDINGS AND RECOMMENDATIONS TO |
| M. STAINER, Warden, | ) | DISMISS THE PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS WITHOUT LEAVE TO |
| Respondent. | ) | AMEND (DOC. 1) AND DECLINE TO |
| | ) | ISSUE A CERTIFICATE OF |
| | ) | APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is the Respondent's motion to dismiss the petition for failure to state facts that would entitle Petitioner to federal habeas corpus relief.  The motion was filed on December 19, 2011, along with a complete transcript of the pertinent state parole proceedings.  Petitioner filed an opposition on January 10, 2012, and Respondent replied on January 12, 2012.  Pursuant to Local Rule 230(l), the motion is submitted

1

on the record without oral argument.

### I. Proceeding by a Motion to Dismiss

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court...."

The Ninth Circuit has allowed respondents to file motions to dismiss pursuant to Rule 4 instead of answers if the motion to dismiss attacks the pleadings by claiming that the petitioner has failed to exhaust state remedies or has violated the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss a petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 to review a motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D.Cal. 1982) (same). Thus, a respondent may file a motion to dismiss after the Court orders the respondent to respond, and the Court should use Rule 4 standards to review a motion to dismiss filed before a formal answer. See, Hillery, 533 F. Supp. at 1194 & n.12.

In this case, upon being directed to respond to the petition by way of answer or motion, Respondent filed the motion to

dismiss. The material facts pertinent to the motion are contained in the pleadings and in copies of the official records of state parole proceedings which have been provided by the parties, and as to which there is no factual dispute. Because Respondent's motion to dismiss is similar in procedural standing to motions to dismiss on procedural grounds, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

## II. Background

Petitioner alleges that he is an inmate of the California Correctional Institution (CCI) in Tehachapi, California, serving a sentence of seventeen years to life for convictions suffered in October 1981 of murder with the use of a firearm and assault with a deadly weapon. (Pet. 1.) Petitioner challenges the denial of his release on parole for seven (7) years by California's Board of Parole Hearings (BPH) after a hearing held on April 6, 2009, at CCI.

On October 19, 2011, the Court dismissed several claims in the petition without leave to amend.[1] The petition contains the following claims: 1) at the hearing, Petitioner was not permitted to present all relevant documents, including documents showing

---

[1] The dismissed claims were that the refusal to permit Petitioner to present documents violated various regulations found in Cal. Code Regs., tit. 15; the application of Cal. Pen. Code § 3041.5, as amended in 2008 by California's Proposition 9, "Marsy's Law," to Petitioner to extend the period between parole suitability hearings to seven (7) years violated the Ex Post Facto Clause because Petitioner was convicted of his commitment offense before the proposition took effect; and the denial of parole violated Petitioner's right to due process of law because the BPH's decision lacked the support of "some evidence" that Petitioner still posed a threat to public safety.

3

rehabilitative efforts and readiness for parole, in support of his suitability for parole due to prison officials' confiscation of Petitioner's personal property on March 18, 2009, which violated his right to due process of law pursuant to the Fifth and Fourteenth Amendments; and 2) the failure to permit Petitioner to present the documents violated Petitioner's right to equal protection of the laws guaranteed by the Fifth and Fourteenth Amendments.

### III. Due Process Violation

Petitioner contends that when he was not permitted to present the documentation, he was deprived of an opportunity to show that he had followed the recommendations made by the BPH at his previous hearing in 2007, which were to stay disciplinary-free, learn a trade, get therapy as available, earn positive reports, work toward reducing his custody level, and participate in self-help. (Mot., doc. 9-1, 32.)

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. -, -, 131 S.Ct. 13, 16 (2010) (per curiam).

Title 28 U.S.C. § 2254 provides in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

4

>    (1) resulted in a decision that was contrary to,
>    or involved an unreasonable application of, clearly
>    established Federal law, as determined by the
>    Supreme Court of the United States; or
>
>    (2) resulted in a decision that was based on an
>    unreasonable determination of the facts in light
>    of the evidence presented in the State court
>    proceeding.

Clearly established federal law refers to the holdings, as opposed to the dicta, of the decisions of the Supreme Court as of the time of the relevant state court decision. <u>Cullen v. Pinholster</u>, - U.S. -, 131 S.Ct. 1388, 1399 (2011); <u>Lockyer v. Andrade</u>, 538 U.S. 63, 71 (2003); <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000). It is thus the governing legal principle or principles set forth by the Supreme Court at the pertinent time. <u>Lockyer v. Andrade</u>, 538 U.S. 71-72.

Petitioner contends that he has a liberty interest in release on parole. The Supreme Court has characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. <u>Swarthout v. Cooke</u>, 562 U.S. -, 131 S.Ct. 859, 861-62 (2011).

However, the procedures required for a parole determination are the minimal requirements set forth in <u>Greenholtz v. Inmates of Neb. Penal and Correctional Complex</u>, 442 U.S. 1, 12 (1979).[2]

---

[2] In <u>Greenholtz</u>, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. <u>Id.</u> at 16. The decision maker is not required to state the evidence relied upon in coming to the decision. <u>Id.</u> at 15-16. The Court reasoned that because there

5

Swarthout v. Cooke, 131 S.Ct. 859, 862.  In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole.  The Court stated:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners.  (Citation omitted.) When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.  In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Swarthout, 131 S.Ct. 859, 862.  The Court concluded that the petitioners had received the process that was due as follows:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied....
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 131 S.Ct. at 862.

Thus, there is no clearly established federal law that requires that an inmate be permitted to present documentation to

---

is no constitutional or inherent right of a convicted person to be released conditionally before expiration of a valid sentence, the liberty interest in discretionary parole is only conditional and thus differs from the liberty interest of a parolee.  Id. at 9.  Further, the discretionary decision to release one on parole does not involve retrospective factual determinations, as in disciplinary proceedings in prison; instead, it is generally more discretionary and predictive, and thus procedures designed to elicit specific facts are unnecessary.  Id. at 13.  In Greenholtz, the Court held that due process was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity to insure that the records being considered were his records, and to present any special considerations demonstrating why he was an appropriate candidate for parole.  Id. at 15.

6

parole authorities. Therefore, the mere inability to present documentation to the BPH does not warrant relief in a proceeding pursuant to 28 U.S.C. § 2254.

The transcript of the parole hearing shows that Petitioner was present at the hearing, was represented by counsel who had received copies of the documentation considered by the BPH, gave extensive sworn testimony in response to the commissioners' questions, had an opportunity to correct or clarify the record and to make a personal statement, presented some documents but was unable to present others due to his lack of access to his property, and received a statement of reasons for the BPH's decision. (Mot., doc. 9-1, 4-5, 7-9, 30, 65-67, 68-74.)

Due to a lock-down, Petitioner's property was in the possession of the authorities. Petitioner claimed at the hearing that despite requests to prison authorities, he was not given access to his confiscated property, including letters of support from numerous individuals and sources, residency offers from four different sources, four employment offers, AA chronologies and certificates of participation, Criminon self-help certificates of participation, "youth counseling laudatory chronos" from the Rock Program, and work supervisors' reports which, according to Petitioner, were above-average with certification recommendations made since the most recent BPH hearing in 2007. (Id. at 66.)

The Commissioners were informed that some letters of support were unavailable to Petitioner, but Commissioner Doyle stated that the important thing was that Petitioner had a job, two places he could live, family support, and rehabilitation services. (Id. at 31.) The BPH had records from Pelican Bay

7

State Prison from 2007 reflecting Petitioner's participation in AA; he had not participated since his arrival at CCI in August 2008 because AA was not available at CCI. (Id. at 33, 39.) The BPH had a positive chronology concerning Petitioner's participation in work at PIA-Optical. (Id. at 39.) The records before the BPH showed that Petitioner was certified as a washroom technician in 2006. Petitioner admitted that he had not completed another vocational program, but he represented that he had certification recommendations from the Pelican Bay State Prison Optical Lab that he was unable to produce. (Id. at 35-36.) Petitioner testified that he had received a GED in the Job Corps, but there was no such record in Petitioner's central file. (Id. at 36.)

In view of the opportunities Petitioner and his counsel had to review the documentation relied upon and to present particularized considerations demonstrating why Petitioner was an appropriate candidate for parole, the record precludes a conclusion that Petitioner was effectively deprived of the processes required by due process of law.

Further, it does not appear from the record that the absence of Petitioner's property could have prejudiced him. The primary reasons for the BPH's decision to deny parole for seven years were the commitment offense, Petitioner's unstable social history involving gang activity, a history of twenty-seven (27) disciplinary adjudications predating 1992 that were mostly for violent conduct, a lack of vocations, the opposition of local law enforcement, Petitioner's mental state and the accompanying moderate risk of violence he posed if released, impulsiveness,

and lack of genuine remorse.  He was commended for receiving a certificate as a washer technician, being recognized for his work in the PIA Optical Lab, and completing Criminon Programs and classes in 2003 and 2005.  (Id. at 68-74.)

Generally, a failure to meet a prison guideline regarding a disciplinary hearing does not alone constitute a denial of due process.  See, Bostic v. Carlson, 884 F.2d 1267, 1270 (9th Cir. 1989).  In the absence of controlling authority, the Court notes that several courts have concluded that to establish a denial of due process of law, prejudice is generally required.  See, Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); see also Tien v. Sisto, Civ. No. 2:07-cv-02436-VAP (HC), 2010 WL 1236308, at *4 (E.D.Cal. Mar. 26, 2010) ("While neither the United States Supreme Court or the Ninth Circuit Court of Appeals has spoken on the issue, numerous federal Courts of Appeals, as well as courts in this district, have held that a prisoner must show prejudice to state a habeas claim based on an alleged due process violation in a disciplinary proceeding.") (citing Pilgrim v. Luther, 571 F.3d 201, 206 (2d Cir. 2009); Howard v. United States Bureau of Prisons, 487 F.3d 808, 813 (10th Cir. 2007); Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003); Elkin v. Fauver, 969 F.2d 48, 53 (3d Cir. 1992); Poon v. Carey, No. Civ. S-05-0801 JAM EFB P, 2008 WL 5381964, at *5 (E.D.Cal. Dec. 22, 2008); Gonzalez v. Clark, No. 1:07-CV-0220 AWI JMD HC, 2008 WL 4601495, at *4 (E.D.Cal. Oct. 15, 2008)).

In view of the undisputed record of the parole proceedings, it cannot be concluded that any inability to produce documents had an injurious effect on the BPH's decision.  It is concluded

9

Petitioner has not alleged facts showing a denial of due process, and thus he has not alleged facts that would entitle him to relief. The petition should be dismissed.

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). Because the entire record of the parole proceedings is before the Court, it does not appear that a tenable due process claim could be pleaded if leave to amend were granted.

Accordingly, Respondent's motion to dismiss this claim should be granted, and Petitioner's due process claim should be dismissed without leave to amend.

IV. Equal Protection

Petitioner contends that the failure to permit him to present the documents violated his right to equal protection of the laws guaranteed by the Fifth and Fourteenth Amendments.

Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race, religion, or membership in a protected class subject to restrictions and limitations necessitated by legitimate penological interests. Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Bell v. Wolfish, 441 U.S. 520, 545-46 (1979). The Equal Protection Clause essentially directs that all persons similarly situated should be treated alike. City of Cleburne, Texas v. Cleburne Living Center, 473 U.S. 432, 439 (1985). Violations of equal protection are shown when a respondent intentionally discriminates against a petitioner based on membership in a

10

protected class, <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 686 (9th Cir. 2001), or when a respondent intentionally treats a member of an identifiable class differently from other similarly situated individuals without a rational basis, or a rational relationship to a legitimate state purpose, for the difference in treatment, <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000).

Here, Petitioner has not alleged facts showing that he is a member of a protected class, that membership in a protected class was the basis of any alleged discrimination, or that there was any intentional discrimination or unequal treatment. The record reflects that there was a lock-down at the prison that precipitated the removal of property from Petitioner's cell; there is no record basis for a finding of any intentional discrimination or unequal treatment. The Court further notes that parole consideration is discretionary and does not provide the basis of a fundamental right. <u>Mayner v. Callahan</u>, 873 F.2d 1300, 1301-02 (9th Cir. 1989).

In view of Petitioner's failure to allege facts showing the requisite elements of an equal protection claim, the Court concludes that Petitioner has not shown that he is entitled to habeas relief. Further, because the record forecloses a finding of intentional discrimination or unequal treatment, Petitioner could not state a tenable equal protection claim if leave to amend were granted.

Accordingly, Respondent's motion to dismiss this claim should be granted, and Petitioner's equal protection claim should be dismissed without leave to amend.

In summary, Respondent's motion to dismiss the petition should be granted.

V. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an

12

applicant to show that the appeal will succeed.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, the Court should decline to issue a certificate of appealability.

VI.   <u>Recommendations</u>

Accordingly, it is RECOMMENDED that:

1) Respondent's motion to dismiss the petition be GRANTED; and

2) The petition for writ of habeas corpus be DISMISSED without leave to amend; and

3) The Court DECLINE to issue a certificate of appealability; and

4) The Clerk be DIRECTED to close the case.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings

and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 8, 2012**              /s/ Sheila K. Oberto
                                     UNITED STATES MAGISTRATE JUDGE